IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY WHITE,
    Petitioner,

vs.                                               Case No.:  3:07cv455/MCR/EMT

JAMES MCDONOUGH,
    Respondent.
_____/

**O R D E R**

       This matter is before the court pursuant to an order of the Chief Judge (Doc. 2).  Petitioner wrote a letter to the Chief Judge proclaiming his innocence of a conviction in Bay County, Florida for grand theft (Doc. 1).  The Chief Judge directed the clerk of court to docket the letter in the Pensacola Division and assign a district and magistrate judge under the protocol applicable to cases filed under 28 U.S.C. § 2254 to address the issue of whether Petitioner wished to have his letter construed as a habeas petition filed under § 2254 (*see* Doc. 2).

       As the Chief Judge advised Petitioner, the proper vehicle for challenging a state court conviction pursuant to which Petitioner is in custody is a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Rule 5.1(J) of the Local Rules for the Northern District of Florida states that the court will not accept for consideration an application for writ of habeas corpus under § 2254 unless the appropriate petition form is properly completed and filed.  Thus, if Petitioner wishes to proceed with a habeas corpus action, he must file a petition on the form for use in § 2254 cases.  Additionally, Petitioner must pay the filing fee of $5.00 or submit a complete motion to proceed in forma pauperis.

       Petitioner is advised that a petition for writ of habeas corpus may not be entertained in federal court unless Petitioner has first exhausted his state remedies.  28 U.S.C. § 2254(b)(1)(A);

Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed. 2d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277-78, 92 S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971). In order to exhaust the issue, Petitioner must fairly and substantially present his claim to the state court prior to filing a petition in federal court. Castille, 489 U.S. at 351; Watson v. Dugger, 945 F.2d 367, 371–72 (11th Cir. 1991). "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210–11 (11th Cir. 1992). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (citations omitted). Failure to exhaust is proper grounds for dismissal of a federal habeas petition. Keeney, 504 U.S. 1 at 10.

In the instant case, Petitioner states he was convicted and sentenced in the Circuit Court for Bay County, Florida of grand theft (*see* Doc. 1). He states that a direct appeal of his conviction and sentence is pending, and he filed a post-conviction motion under Rule 3.850 of the Florida Rules of Criminal Procedure, but the judge told him that it was untimely (*id*.). Petitioner states that his attorney advised him not to file a Rule 3.850 motion until the direct appeal is resolved (*id*.). Based upon these facts, it appears that Petitioner's state court remedies have not been exhausted. Therefore, the instant habeas action may be subject to dismissal. If Petitioner determines the instant federal action was prematurely filed, he should file a notice of voluntary dismissal.

Accordingly, it is **ORDERED**:

Case No.: 3:07cv455/MCR/EMT

1. The clerk shall send Petitioner a copy of the form for use in Section 2254 cases and an application to proceed in forma pauperis. This case number should be written on the forms.

2. **If Petitioner wishes to proceed with this habeas action**, he shall have **THIRTY (30) DAYS** from the date of docketing of this order to file a habeas petition, which shall be typed or clearly written and submitted on the court form. Additionally within that time, Petitioner shall pay the filing fee or submit a fully completed application to proceed in forma pauperis, including the required attachments.

3. **If Petitioner does not wish to proceed with this habeas action**, he shall have **THIRTY (30) DAYS** from the date of docketing of this order to file a notice of voluntary dismissal.

4. Petitioner's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 24th day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**